# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| BOBBY R. DAMRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 21-1042-JDT-cgc |
| ) | |
| HARDEMAN COUNTY ) | |
| CORRECTIONAL FACILITY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO COMPLY WITH 28 U.S.C. § 1915(a)(2), DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On March 15, 2021, Plaintiff Bobby R. Damron, who is incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, both an *in forma pauperis* affidavit and a copy of his trust account statement for the six months immediately preceding the

filing of the complaint. § 1915(a)(2). In this case, the affidavit submitted by Plaintiff is not accompanied by a copy of his trust account statement. Plaintiff must provide the Court with a copy of his trust account statement for the last six months before pauper status can be granted.

Accordingly, notwithstanding the fact this case is being dismissed, Damron is ORDERED to submit, within 21 days after the date of this order, a copy of his inmate trust account statement for the last six months. If he does not do so, the Court may deny leave to proceed *in forma pauperis* and assess the entire $400 filing fee[1] from his inmate trust account without regard to the PLRA's installment procedures.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*,

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing any civil case. That additional $50 fee will not apply if Plaintiff is granted leave to proceed *in forma pauperis*.

556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Damron filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Damron sues HCCF Warden Hilton Hall, Jr.; Assistant Warden Danny Dodds; Assistant Warden Roechol Owens; Chief of Unit Managers First Name Unknown (FNU) Huggins;

Tennessee Department of Correction (TDOC) Contract Monitor FNU Yeager;[2] and HCCF inmates FNU Whybark, FNU Russell, FNU Gibson, and FNU "Hardhead" Morrison.  (ECF No. 1 at PageID 1-2.)  Damron also appears to be attempting to sue an unspecified number of unnamed individuals, specifically "all staff and inmates" at the HCCF (*id.* at PageID 1), including "all J Unit C Pod - L Unit C Pod - KE Unit Pod [and] Bevels KF."  (*Id.* at PageID 2.)[3]

The allegations of the complaint are not easy to understand, but Damron alleges he was attacked on May 30, 2020, by "scum soboxin ICE crazed inmates."[4]  (*Id.*)  He states he is over 65 years old and cannot fight but was forced to do so nevertheless.  (*Id.*)  He also alleges HCCF inmates robbed him of his personal property, including his mail, clothes, and various "print out sheets" containing personal information from the prison computer system.[5]  (*Id.*)  Damron states he contacted TDOC officials, including the Commissioner's office, but he alleges nothing was done.  (*Id.*)  He also states, "attempt PREA on HCCF staff [and] inmates – endangering my life –

---

[2] Damron does not provide the titles for Huggins and Yeager in this complaint.  He did, however, provide their titles in a case he filed previously.  *See Damron v. Hardeman Cnty. Corr. Facility*, No. 20-1239-JDT-cgc, 2021 WL 278301 (W.D. Tenn. Jan. 27, 2021).  In that prior case, Damron made very similar allegations and sued some of the same individuals.  *Id.* at *1-*2.

[3] The filing of a complaint against such unknown defendants does not toll the running of the statute of limitation.  *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))).  In order to proceed against these unnamed individuals, Damron must first identify them.

[4] Damron used similar phrases repeatedly in his complaint and amended complaint in case #20-1239.  In that case, the Court surmised that "'soboxin' may be a reference to suboxone, which is used to treat opioid addiction.  *See* www.suboxone.com.  Damron's use of "ICE" is likely a reference to "crystal meth," a potent form of methamphetamine.  *See* www.webmd.com/mental-health/addiction/crystal-meth-what-you-should-know#1."  *Damron*, 2021 WL 278301, at *1 n.2.

[5] The "print out sheets" allegedly contained information about things such as Damron's "commissary – trust funds – good time or TOMIS sentencing letter," phone list, and parole.  (ECF No. 1 at PageID 2.)

J Unit C-LC KE KF," but does not elaborate. (*Id.* at PageID 3.) It is unclear whether Damron contacted TDOC officials about a PREA complaint, about his stolen property, or both.

Damron also asserts "scum soboxin ICE crazed inmates – discrimination against me" because of his 1989 and 1994 convictions for sexual offenses. (*Id.*) He contends the "Act of 1964 – prohibits discrimination 8th Amendment – cruel and unusual punishment[.] Also violation of human rights." (*Id.*) He seeks $200 million in damages, release from the HCCF, and for the drug problems at the HCCF to be stopped: "also stop drugs HCCF – soboxin ICE no drugs are supposed to be allowed." (*Id.* at PageID 3-4.)

Any claims against Yeager, the TDOC Contract Monitor, in his official capacity must be treated as claims against the TDOC which are, in turn, treated as claims against State of Tennessee. However, Damron has no claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of*

*Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Official capacity claims against the Defendants employed at the HCCF are considered claims against their employer, CoreCivic, a private company which manages the HCCF.[6]  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018).  To prevail on a § 1983 claim against CoreCivic, Damron "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  Damron does not, however, allege the HCCF Defendants' actions were taken pursuant to a policy or custom of CoreCivic that was the "moving force" behind any violation of his constitutional rights.

To the extent Damron intends to allege the HCCF's prison grievance procedure is inadequate, he has no valid claim.  There is no constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (allegation that jail staff ignored grievances

---

[6] *See* www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html (Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison.").

did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure").

As for his individual capacity claims, Damron does not allege that Hall, Dodds, Owens, Huggins, or Yeager engaged in any personal wrongdoing. He appears merely to allege they are responsible for events at the HCCF because of their positions. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Furthermore, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.").

Damron does not allege that Defendants Hall, Dodds, Owens, Huggins, or Yeager, through their own actions, violated his rights. Though he alleges he was attacked by other inmates, he does

not allege that either Hall, Dodds, Owens, Huggins, or Yeager was present at the time and had an opportunity to intervene and stop the assault or that either of these Defendants knew, before the attack, of a substantial risk that Damron would suffer serious harm and yet disregarded that risk. Thus Damron fails to state an Eighth Amendment claim against these HCCF and TDOC officials for failure to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (prisoner must show that prison officials acted with "deliberate indifference" to a substantial risk the prisoner would suffer serious harm); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

Damron also sues other HCCF inmates, but he may not use § 1983 to "sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Only those defendants whose actions are "fairly attributable to the State" may be sued under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The inmate Defendants are not state actors merely because they are in TDOC custody, and Damron does not allege how their actions can otherwise be attributed to the state.

For all of the reasons set forth above, this case is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged

by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED. As stated, *supra* pp. 1-2, Damron must submit to the Court a copy of his inmate trust account statement within 21 days.

The same considerations leading the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Damron would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Damron, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[7] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Damron is warned that he is now barred from filing any further actions *in forma pauperis* while he is a prisoner unless he is in imminent danger of serious physical injury. If any new civil action filed by Damron is not accompanied by the entire $400

---

[7] *See Damron v. Hardeman Cnty. Corr. Facility*, No. 20-1239-JDT-cgc, 2021 WL 278301 (W.D. Tenn. Jan. 27, 2021) (dismissed for failure to state a claim); *Damron v. Lindamood*, No. 14-1294-JDT-egb, 2015 WL 105824 (W.D. Tenn. Jan. 7, 2015) (dismissed for failure to state a claim).

civil filing fee, the complaint must contain allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If the new complaint does not sufficiently allege imminent danger, it will be dismissed without prejudice; Damron would then have an opportunity to file, within 28 days, a motion to re-open the case accompanied by the entire civil filing fee.

      The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE