# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| BOBBY R. DAMRON, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 21-1042-JDT-cgc |
| HARDEMAN COUNTY CORRECTIONAL FACILITY, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA, AND DENYING MOTION TO SET ASIDE JUDGMENT AND RE-OPEN CASE

Bobby R. Damron, Tennessee Department of Correction prisoner number 115744, filed a *pro se* civil complaint and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On March 18, 2021, the Court issued an order dismissing the complaint and assessing a third strike under 28 U.S.C. § 1915(g); judgment was entered on March 19, 2021. (ECF Nos. 4 & 5.) The Court also noted Damron had neglected to submit a copy of his inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA). He was given 21 days to do if he wanted to be granted pauper status and pay the filing fee in installments. (ECF No. 4 at PageID 10-11.) He submitted his trust account statement on March 31, 2021. (ECF No. 6.)

Under the PLRA, 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Plaintiff now has submitted both an *in forma pauperis* affidavit and a copy of his

inmate trust account statement.  The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 civil filing fee.[1]

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order.  It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or average monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit.  28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment.  All payments and accounts statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

---

[1] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case, but the additional fee does not apply when leave to proceed *in forma pauperis* is granted.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison.  The Clerk is further directed to forward a copy of this order to the Warden of the HCCF to ensure the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Also on March 31, 2021, Damron filed a motion which appears to be a motion to set aside the judgment entered on March 19, 2021, and re-open this case.  (ECF No. 7 at PageID 25 (noting he is "[f]iling a motion to reopen").)  The Court construes the filing as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from the order of dismissal and judgment under Federal Rule of Civil Procedure 60(b).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes.  *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).  The Rule "allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation and internal quotation marks omitted).  A court may alter or amend its judgment under Rule 59(e) because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 470, 406 (6th Cir. 2006).

Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of five specified reasons, one of which is "mistake," or for "any other reason that justifies relief."  The Rule "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483,

3

490 (6th Cir. 2000)).  "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation."  *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  It is not intended to allow relief from judgment merely because a litigant is unhappy with the outcome.  *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Damron's motion to re-open does not identify any specific errors of law or fact made by the Court in the order dismissing this case.  He merely reiterates his rambling allegations that inmates and staff at the HCCF have continually violated his constitutional rights by endangering, harassing, and discriminating against him, primarily due to the widespread presence of drugs in the facility.  There is nothing in the motion that persuades the Court the order of dismissal and judgment in this case should be set aside.  The motion to re-opem therefore is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE